Boynton, <1.
The judgment of the district court, reversing the judgment of the court of common pleas, can only be justified on the ground that the improvement of a public park, within a municipal corporation, is provided for by some provision of chapter 48, 49, or 50, of the municipal code. It is claimed by the defendant that authority to make the improvement is thus derived, and consequently, that inasmuch as the cost of the improvement exceeded $500, the contract was void for failure to advertise for bids for the work and materials, as required by section 502. Our investigation has led us to the conclusion that this section has no application to the case. The laying out of public grounds, or parks, and their improvement, are provided for in chapter 27 ; •and as respects grounds purchased without limitation or •condition as to their use, or appropriated in pursuance of section 507, the provisions of that chapter, and those of chapter 20, referred to in section 399, confer the power to lay out ■ and improve such grounds, and prescribe the mode in which ■such power is to be exercised. Whenever the council shall determine, by resolution, to lay out and improve any public grounds or park, it is made the duty of the mayor to appoint, with the consent of the council, three resident freehold electors of the corporation as commissioners for that purpose, who are constituted pai’k commissioners, and invested with power to appoint a superintendent and all other necessary employés, and to prescribe their duties and fix their compensate i, ?.ubT ject to the approval of the council; and in addition the.oro, they are clothed generally with the same powers, and charged with the same duties, so far as the same are applicable, as are vested in and required to be performed by the trustees of ■cemeteries, by chapter twenty-six. § 399. Section 366 of *173 chapter 26, confers on the trustees of cemeteries the entire management and control of all public graveyards, and burial grounds located in or belonging to the corporation, subject to its ordinances; and whenever they deem it necessary, they are required to lay out the same into lots, avenues, walks, paths, and other subdivisions. Section 367 empowers them to direct all improvements and embellishments of the grounds and lots, and to appoint, subject to the approval of the council, all necessary superintendents, employés and agents, and determine their terms of service, and the amount of their compensation. By these provisions the power to direct all improvements of a public park is vested in the park commissioners as fully as the power to improve public burial grounds of the corporation are • invested in the trustees of cemeteries, and it is nowhere made the duty of either class of public officers to advertise for, or receive bids for the work or materials that go into the improvement. That the legislature did not intend expenditures for the improvement of public grounds and parks to fall within the operation of section 562, becomes quite apparent when the foregoing provisions are considered in connection with section 501, as amended April 18, 1870. The original section provided that no improvement of any street, lane, alley, avenue, park, public grounds, market-houses or spaces, etc., of the corporation, should be ordered or directed by the council, except on the report and recommendation of the board of improvements. By the section, as amended, the words “ park,” and “ public grounds ” were-omitted, and thus the conflict between the section so amended and the provisions prescribing the duties of park commissioners, was removed, and the improvement and control of public parks left exclusively to the park commissioners, subject to such regulations as the council was authorized to make. Being, therefore, of the opinion that the power to improve public parks is unaffected by section 562, it remains to inquire whether the city is bound by the contract that the committee made with the plaintiff. That the committee making the contract on the part, of the city were not park commissioners cannot be doubted.
*174 Sucli commissioners can only be appointed by the mayor with the consent of the council. That the mayor did not make the appointment is clearly established. But the committee was appointed by the council in fulfillment of the obligation created by, and implied in, the acceptance of the Goodale deed, by which the ground for the park was conveyed to the city. One of the duties imposed by the deed, and which the city, by its acceptance, undertook to perform, was to intrust the oversight, improvement and care of the park to a committee of three, appointed by the council from their own number.
It was in performance of this duty, that the committee was •appointed by the council, and in contracting with the plaintiff to fill up the depression in the park, the committee only employed the usual means to effect one of the objects for which it was created, and which the city hound itself to see accomplished 'by accepting the conveyance from Goodale, with the conditions it imposed. Hence, the contract .of the committee with the plaintiff was the contract of the city, as much so as a contract made for a similar purpose by park commissioners, for the improvement of a park, the ground for which was ocmt•demned under the statute, or acquired by purchase.

Judgment of district court reversed,> a/nd that of the common pleas affi/rmed.